UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DataXu, Inc., <br><br> Plaintiff, <br><br> v. <br><br> DataXylo f/k/a Prognosys Analytics, Inc., <br><br> Defendant. | Civil Action No. 2016-cv-12429 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff DataXu, Inc. ("DataXu"), by its attorneys, Parker Ibrahim & Berg LLC, for its Complaint against Defendant DataXylo f/k/a Prognosys Analytics, Inc. ("DataXylo") respectfully alleges as follows:

## **NATURE OF ACTION**

1. This is a Complaint for willful federal trademark infringement, false designation of origin, unfair competition and trademark dilution under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., as amended (hereinafter, the "Lanham Act"), and for trademark dilution and deceptive trade practices under the laws of the State of Massachusetts.

2. In sum, DataXylo is infringing DataXu's federally registered trademark without permission or authority from DataXu. DataXylo's unauthorized use of DataXu's trademark is likely to cause consumer confusion due to the similarity between DataXu's Mark (as hereinafter defined) and the name, logo, and website DataXylo – particularly because DataXu and DataXylo are direct competitors in the marketplace.

3. DataXylo's unauthorized use of DataXu's trademark is causing irreparable injury to DataXu, including but not limited to: loss of current customers and the corresponding loss of

current revenue; loss of future customers and the corresponding loss of future revenue; loss of customer goodwill; and reputational harm.

4. DataXu previously placed DataXylo on notice as to DataXylo's unauthorized use of DataXu's federally registered trademark, but to date, DataXylo has not taken any steps to cease its infringing activities.

5. DataXu respectfully seeks permanent injunctive relief as well as actual damages, DataXylo's profits, punitive damages, and attorneys' fees.

## PARTIES

6. DataXu is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business at 281 Summer Street, Boston, MA 02210.

7. DataXu offers marketing analytics, customer intelligence, and consumer packaged goods ("CPG") solutions to clients worldwide, in addition to other products and services. *See* www.dataxu.com/marketing-analytics; https://info.dataxu.com/customer-intelligence; https://www.dataxu.com/cpg-marketing-insights/.

8. Upon information and belief, Defendant DataXylo is a corporation organized and existing under the laws of the state of Alabama with a principal place of business at 1 Broadway, 14th Floor, Cambridge, MA 02142.

9. Upon information and belief, DataXylo is a corporation offering marketing analytics, customer intelligence, CPG solutions, and data management services to clients worldwide, in addition to other products and services. *See* https://dataxylo.com/customer-analytics.html; https://dataxylo.com/customer-intelligence.html; https://dataxylo.com/retail.html.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1338(a) (trademarks), and under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(c).

11. This Court has supplemental jurisdiction over state law claims made herein pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over DataXylo because, among other reasons, DataXylo conducts business in Massachusetts, and/or the acts that form the basis of the complaint took place in Massachusetts.

13. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

**DataXu's Business and Federally Protected Trademark**

14. DataXu is a leading provider of programmatic marketing and analytics software. As a global media buying and data management platform, DataXu maintains server-to-server integrations with more than 40 of the world's leading data providers and exchanges, reaching 90% of the impressions available worldwide.

15. In March 2009, DataXu registered as a Delaware corporation.

16. DataXu owns the federally registered trademark "DATAXU" (U.S. Reg. No. 3754577) ("DataXu's Mark").

17. On March 2, 2010, DataXu's Mark was registered with the United States Patent and Trademark Office.

18. DataXu's Mark is currently in use by DataXu, and was in continuous use in interstate commerce by DataXu for at least five consecutive years after the date of registration.

3

DataXu's Mark is therefore uncontestable, pursuant to 15 U.S.C. § 1065.

19. Since March 2009, DataXu has continuously used DataXu globally as its logo and brand name, including use in DataXu's advertising.

20. DataXu has continuously used DataXu on its website, www.dataxu.com, since its website was registered in 2009.

21. DataXu's Mark is displayed in the following manner on its website and in its advertising materials:



**DataXylo's Unauthorized Use of DataXu's Federally Protected Trademark**

22. On December 23, 2015, Prognosys Analytics, Inc. announced that it would begin to "operate across North America and globally under the DataXylo business name." http://dataxylo.com/blog/prognosys-is-now-re-branded-as-dataxylo/.

23. DataXylo is using the name and logo DataXylo on its website. www.dataxylo.com.

24. DataXylo's name and logo are displayed in the following manner on its website and, upon information and belief, in its advertising materials:



25. DataXylo and DataXu are direct competitors in the marketplace.

26. In particular, DataXu, "was founded on the premise that data science could help make marketing better. Not just more efficient for agencies or more profitable for brands, but also more personalized and more engaging for consumers. DataXu provides a next-generation marketing analytics platform that enables marketers to better understand and engage consumers,

4

helping marketers truly understand how marketing investments cause sales and profitable customer relationships." https://www.dataxu.com/about-us/

27. Similarly, DataXylo is based on "help[ing] unleash the power of all your customer data, creating a vastly more detailed picture of your customers, and the opportunities ahead. We believe marketing thrives on innovation and creativity where marketers can ensure this when they have the ease, flexibility of managing data, decision and delivery engines towards monetization and predictive marketing on a bottom-up basis. DataXylo's self service Cognitive Customer Intelligence Platform that helps Omni-channel marketing operations to clean, combine & automate relevant signals, metrics and data." https://dataxylo.com/

**DataXylo's Refusal to Stop Its Unauthorized Use of DataXu's Trademark**

28. In August 2016, DataXu became aware of DataXylo's use of the name and logo DataXylo, and DataXylo's website www.dataxylo.com.

29. On August 22, 2016, DataXu sent a letter to DataXylo, stating that DataXylo's use of its name and logo constituted infringement of DataXu's Mark (the "August 22 Letter"). In the August 22 Letter, DataXu asked DataXylo to cease and desist from all infringing activity, including the use of the DataXylo name, logo, and website www.dataxylo.com.

30. On September 27, 2016, DataXylo responded by letter to the August 22, 2016 Letter. DataXylo, however, did not cease its infringing activities.

31. On October 21, 2016, DataXu send another letter to DataXylo, reiterating that DataXu and DataXylo are confusingly similar in appearance, font, style, sound and commercial impression. DataXu also explained that the goods and services offered by DataXu and DataXylo are identical in the areas of marketing analytics, customer intelligence and CPG solutions, and are sufficiently similar in other areas to create a likelihood of confusion.

5

32. DataXylo has continued to use the DataXylo name, logo, and website, despite having notice of its infringing activity, and without authorization or permission from DataXu.

## FIRST CAUSE OF ACTION:
### Federal Trademark Infringement – 15 U.S.C. § 1114

33. DataXu repeats and realleges each of the allegations contained in paragraphs 1-32 of this Complaint.

34. Because DataXylo and DataXu are direct competitors in the marketplace, DataXylo's use of the name, logo, and website DataXylo in commerce is likely to cause consumer confusion due to the similarity between DataXu's Mark and the name, logo, and website DataXylo.

35. DataXylo's knowing unauthorized use of DataXylo despite notice of infringement constitutes willful federal trademark infringement of DataXu's Mark, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and in violation of DataXu's exclusive right to use the DataXu Mark.

36. As a result of DataXylo's willful infringement, DataXu has suffered, and is continuing to suffer irreparable injury, including but not limited to (i) loss of current customers and the corresponding loss of current revenue, (ii) loss of future customers and the corresponding loss of future revenue; (iii) loss of customer goodwill; and (iv) reputational harm.

37. DataXylo's willful infringement of DataXu's Mark entitles DataXu to permanent injunctive relief as well as actual damages, DataXylo's profits, punitive damages, and attorneys' fees.

## SECOND CAUSE OF ACTION:
### Federal False Designation of Origin and Unfair Competition - 15 U.S.C. § 1125(a)

38. DataXu repeats and realleges each of the allegations contained in paragraphs 1-37 of this Complaint.

39. DataXylo's use of the name, logo, and website DataXylo in commerce is likely to cause confusion as to the origin of the source of its services, due to the similarity between DataXu's Mark and the name, logo, and website DataXylo.

40. DataXylo's knowing unauthorized use of DataXylo in commerce constitutes willfully false designation of origin and unfair competition.

41. As a result of DataXylo's false designation of origin and unfair competition, DataXu has suffered, and is continuing to suffer irreparable injury, including but not limited to (i) loss of current customers and the corresponding loss of current revenue, (ii) loss of future customers and the corresponding loss of future revenue; (iii) loss of customer goodwill; and (iv) reputational harm.

42. DataXylo's false designation of origin entitles DataXu to permanent injunctive relief as well as actual damages, DataXylo's profits, punitive damages, and attorneys' fees.

## THIRD CAUSE OF ACTION:
### Trademark Dilution – 15 U.S.C. § 1125(c) and Mass. General Laws Chapter 110H, § 13

43. DataXu repeats and realleges each of the allegations contained in paragraphs 1-42 of this Complaint.

44. DataXylo's use of the name, logo, and website DataXylo in commerce is likely to dilute or blur DataXu's Mark by tarnishment.

45. DataXylo's use of the name, logo, and website DataXylo in commerce is also likely to injure DataXu's business reputation and to dilute the distinctive quality of DataXu's Mark.

46. DataXylo's knowing unauthorized use of DataXylo in commerce constitutes trademark dilution, in violation of 15 U.S.C. § 1125(c) and Massachusetts General Laws Chapter 110H, § 13.

47. As a result of DataXylo's dilution of DataXu's Mark and injury to DataXu's business reputation, DataXu has suffered, and is continuing to suffer irreparable injury, including but not limited to (i) loss of current customers and the corresponding loss of current revenue, (ii) loss of future customers and the corresponding loss of future revenue; (iii) loss of customer goodwill; and (iv) reputational harm.

48. DataXylo's dilution of DataXu's Mark and injury to DataXu's business reputation entitle DataXu to permanent injunctive relief.

**FOURTH CAUSE OF ACTION**
**Unfair and Deceptive Trade Practices – Massachusetts General Laws, Chapter 93A**

49. DataXu repeats and realleges each of the allegations contained in paragraphs 1-48 of this Complaint.

50. DataXylo's use of the name, logo, and website DataXylo in commerce is likely to deceive consumers, due to the similarity between DataXu's Mark and the name, logo, and website DataXylo.

51. DataXylo's knowing unauthorized use of DataXylo in commerce also constitutes unfair and deceptive trade practices, in violation of Massachusetts General Law, chapter 93A.

52. As a result of DataXylo's unfair and deceptive trade practices, DataXu has suffered, and is continuing to suffer irreparable injury, including but not limited to (i) loss of

8

current customers and the corresponding loss of current revenue, (ii) loss of future customers and the corresponding loss of future revenue; (iii) loss of customer goodwill; and (iv) reputational harm.

53. DataXylo's unfair and deceptive trade practices entitle DataXu to permanent injunctive relief as well as actual damages, DataXylo's profits, punitive damages, and attorneys' fees

**PRAYER FOR RELIEF**

**WHEREFORE** DataXu requests entry of judgment in its favor and against DataXylo and respectfully prays that this Court:

 a. Adjudge that DataXylo's use of the DataXylo name, logo, and website constitutes willful trademark infringement, false designation of origin, unfair competition, and trademark dilution in violation of the Lanham Act, and trademark dilution and deceptive trade practices under the laws of the State of Massachusetts;

 b. Permanently enjoin DataXylo, their officers, agents, servants, employees, attorneys, and other persons in active concert or participation with them from: (1) doing business under the DataXylo name, logo, or website; (ii) making any use of the DataXu Mark to misrepresent that DataXylo's services are associated with or emanate from DataXu; (iii) using the name, logo, or website DataXylo and any other name, logo, or website confusingly similar to DataXu; and (iv) filing or continuing prosecute any applications to register marks containing DataXylo for use in data analytics services;

 c. Order DataXylo to surrender for destruction all inventory in DataXylo's possession or control of advertising, promotional, or other materials bearing any

name or mark containing the word "DataXylo" or any name or logo confusingly similar to DataXu;

d. Grant DataXu an equitable accounting of DataXylo's profits;

e. Award DataXu judgment for its damages arising from DataXylo's willful trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and deceptive trade practices under the laws of the State of Massachusetts, such damages to be trebled pursuant to 15 U.S.C. § 1117 and Massachusetts General Laws, Chapter 93A, § 11;

f. Award DataXu exemplary or punitive damages due to DataXylo's intentional acts in reckless disregard of DataXu's rights and DataXylo's false representations to, and deception of, the public to foster the belief that DataXylo's services are those of DataXu or are associated with DataXu;

g. Grant DataXu an award of attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1114, 1125(a) and 1125(c);

h. Grant DataXu an award of costs and disbursements of this action; and

i. Grant DataXu such other and further relief as the Court deems to be reasonable, necessary, and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), DataXu respectfully demands a trial by jury of all issues triable of right by a jury.

Dated: November 30, 2016

                                        DataXu, Inc., by its attorneys:
                                        PARKER IBRAHIM & BERG LLC

                                        */s/ Jeffrey D. Adams*
                                        Jeffrey D. Adams, BBO #662697
                                        One Financial Center
                                        Boston, MA 02111
                                        Tel: 617-918-7600
                                        Fax: 617-918-7878
                                        Jeffrey.Adams@piblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of November, 2016, the foregoing document was filed through the CM/ECF system. The document will be sent electronically to the registered participants, and paper copies will be served via first class mail on those indicated as non-registered participants.

*/s/ Jeffrey D. Adams*
Jeffrey D. Adams